IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ROBERTS, Jr., | : |
|     Petitioner | : |
|       v. | : Case No. 3:25-cv-271-KAP |
| COMMONWEALTH OF | : |
| PENNSYLVANIA, | : |
|     Respondent | : |

### Report and Recommendation

### Recommendation

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4), the petitioner's petition for a writ of habeas corpus should be denied without service and without a certificate of appealability, without prejudice to proceeding in the Court of Appeals as provided in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) at 28 U.S.C.§ 2244(b)(3).

This is submitted as a recommendation because preservice dismissal is appropriate. The Clerk shall add the District Attorney of Fayette County as counsel for the respondent for notice purposes only: the respondent has not been served and has no duty to respond.

### Report

This court has already considered a petition for a writ of habeas corpus under 28 U.S.C.§ 2254 from petitioner at Roberts v. Hollibaugh, Case No. 3:23-cv-265-NBF-KAP (W.D.Pa. January 17, 2025), *certificate of appealability denied sub nom.* Roberts v. Attorney General Pennsylvania, No. 25-1275 (3d Cir. May 29, 2025), *rehearing denied* (3d Cir. July 31, 2025). That petition attacked petitioner's conviction and the 10-20 year sentence imposed in Commonwealth v. Roberts, CP–26–CR–1505–2007 (C.P. Fayette) after a jury convicted petitioner of attempted homicide, aggravated assault, conspiracy to commit robbery, and lesser offenses. Several years after state court proceedings ended petitioner filed his first federal petition in the Eastern District of Pennsylvania, it was transferred here and denied as untimely, *see* 28 U.S.C. § 2244(d), and the Court of Appeals denied a certificate of appealability.

This petition attacks the same conviction and sentence. It raises a claim that was not presented in the first petition, namely, that petitioner was not provided with a trial transcript at the direct appeal stage. To proceed with a second habeas petition petitioner a petitioner must first obtain leave from the Court of Appeals by filing the appropriate

1

motion in the Court of Appeals pursuant to 28 U.S.C.§ 2244, which in relevant part states:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) **Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.** (my emphasis)

A certificate of appealability should not issue from this Court. One is proper whenever a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is not synonymous with success: a petitioner need only show that jurists of reason would debate the correctness of the district court's denial of a habeas petition. *See* Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Hickox v. Superintendent Benner Twp. SCI, 2020 WL 6437411, at *1 (3d Cir. Oct. 29, 2020). At the same time, it is more than good faith or the absence of frivolity on the part of the petitioner. Miller-El v. Cockrell, 537 U.S. at 338. The Supreme Court held in Slack v. McDaniel, 529 U.S. 473, 484 (2000), that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jurists of reason would not debate that this is an unauthorized second or successive petition.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties can within fourteen days file written objections. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d

Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: December 17, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

George Roberts, Jr. HT-1247
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510